Jennifer L. Aspaas
OSB# 03235
jaspaas@bwmlegal.com
Bishop, White & Marshall, P.S.
720 Olive Way, Suite 1301
Seattle, WA 98101-1803
Telephone – 206/622-5306
Facsimile – 206/622-0354

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

SABRINA DIKEMAN,

                Plaintiffs,        Case No. 06-6154-AA

v.                                    ANSWER

MARILYN PODEMSKI, BENEFICIAL
OREGON, INC.,

                Defendants.

### I.    ANSWER

For its Answer in response to Plaintiff's Complaint herein Beneficial Oregon, Inc., (hereinafter "BENEFICIAL") alleges and avers as follows:

1.    Answering paragraph 1, to the extent plaintiff can maintain a federal cause of action, which Beneficial denies, jurisdiction would be proper in this court.

2.    Answering paragraph 2, Beneficial admits that plaintiff brings this action for purported damages and alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. sec. 1692 et seq. ("FDCPA"), and the state law claim of conversion, all of which Beneficial denies.

ANSWER - 1

3.	Answering paragraphs 3 and 4, Beneficial lacks sufficient information to form a belief as to the truth of such allegations and therefore, denies them.

4.	Answering paragraphs 3, 5, 6 and 7, Beneficial admits the allegations contained therein.

5.	Answering paragraph 8, Beneficial lacks sufficient information to form a belief as to the truth of such allegations and therefore, denies them.

6.	Answering paragraphs 9 and 10, Beneficial admits the allegations contained therein.

7.	Answering paragraph 11, Beneficial denies the allegations contained therein.

8.	Answering paragraph 12, 13, 14 and 15, Beneficial lacks sufficient information to form a belief as to the truth of such allegations and therefore, denies them.

9.	Answering paragraph 16, Beneficial denies the allegations contained therein.

10.	Answering paragraphs 17, 18, 19, 20, 21 and 22, Beneficial lacks sufficient information to form a belief as to the truth of such allegations and therefore, denies them.

11.	Answering paragraph 23, Beneficial denies the allegations contained therein.

12.	Answering paragraph 24, No response is required.

13.	Answering paragraph 25, Beneficial admits and denies the allegations contained therein as set forth above.

14.	Answering paragraphs 26 and 27, Beneficial denies the allegation contained therein.

15.	Answering paragraph 28, Beneficial admits and denies the allegations contained therein as set forth above.

ANSWER - 2

16. Answering paragraphs 29 and 30, Beneficial denies the allegations contained therein.

17. Answering paragraph 31, Beneficial admits and denies the allegations contained therein as set forth above.

18. Answering paragraphs 32 and 33, Beneficial denies the allegations contained therein.

## II. AFFIRMATIVE DEFENSES

Beneficial realleges its foregoing Answers and further alleges the following Affirmative Defenses:

19. Plaintiff's claims are barred because service of process is insufficient or defective.

20. Plaintiff has failed to state a claim upon which relief can be granted.

21. Plaintiff's claims are barred by application of the doctrines of waiver, laches and/or estoppel.

22. Plaintiff's claims are barred by the statute of frauds.

23. Plaintiff's damages were caused by her own actions or inaction or the actions or inactions of a third party and resulted from plaintiff's or third party's own negligence which equaled or exceeded any alleged negligence or wrongdoing of Beneficial.

24. Plaintiff has failed to mitigate her damages.

25. Plaintiff's claims are barred by the clean hands doctrine.

ANSWER - 3

26. The pending action must be referred to binding arbitration pursuant to the Arbitration Rider executed by Plaintiff.

27. Any purported damages suffered by Plaintiff were the result of acts or omissions of third persons over whom Beneficial had neither control nor responsibility.

28. Plaintiff's claims are barred because plaintiff's injury, if any exist, resulted from a bona fide error, notwithstanding the maintenance of reasonable procedures adopted to avoid such error.

29. Beneficial's liability, if any, must be diminished and apportioned in accordance with the acts and negligence of others.

30. The punitive damages claims alleged in plaintiff's complaint violate Beneficial's constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution in that they are penal in nature and tantamount to the imposition of a criminal fine, and the guidelines, standards or instructions for imposition of punitive damages are vague, indefinite and uncertain based <u>BMV v. Gore</u>, 517 U.S. 559 (1996); <u>Cooper Indus. Inc. v. Leatherman Tool Group</u>, 532 U.S. 923 (2001); and <u>State Farm v. Campbell</u>, 538 U.W. 408 (2003).

31. Beneficial expressly reserves the right to add additional affirmative defenses as it determines to be appropriate at any time in the future.

### III.   COUNTERCLAIM

Having made the foregoing Answer and Affirmative Defenses, Beneficial now realleges its Answer and makes the following Counterclaim:

ANSWER - 4

1.      Beneficial has incurred costs and attorney's fees in defending against this action and are entitled to an award of all their costs, expenses and reasonable attorney's fees incurred herein pursuant to 15 U.S.C. 1692k and ORS 646.641.

### IV.    PRAYER FOR RELIEF

Having fully answered each and every allegation contained in Plaintiff's complaint, stated its Affirmative Defenses and Counterclaim, Beneficial prays the Court grant the follow relief:

1.      Dismiss Plaintiff's complaint with prejudice.

2.      Enter an award against Plaintiff and in favor of Beneficial for all of its costs, expenses, and reasonable attorney's fees incurred in defending against this action pursuant to the terms of the note and deed of trust executed by Plaintiff.

3.      For such further relief as the Court may determine to be just, equitable, or fair.

DATED this 2nd day of August, 2006.

                              BISHOP, WHITE & MARSHALL, P.S.

                               /s/
                              _____
                              Jennifer Aspaas, OSB# 03235
                              Attorney for Defendant Beneficial Oregon, Inc.

ANSWER - 5

## DECLARATION OF SERVICE

I hereby declare under penalty of perjury of the laws of the State of Washington and the United States of America that on this 2nd day of August, 2006, I caused to be delivered a copy of the foregoing Answer to the following in the manner indicated:

| | |
|---|---|
| Keith D. Karnes<br>Olsen, Olsen & Daines, LLC<br>1599 State Street<br>P.O. Box 12829<br>Salem, OR  97309-0829 | [X] By United States Mail<br>[ ] By Legal Messenger<br>[ ] By Federal Express<br>[X] By Facsimile – 503/362-1375 |

Signed this 2nd day of August, 2006 at Seattle, Washington.

       /s/
Angela Rutter
Legal Assistant

ANSWER - 6